PROB 12C
(REVISED 2011)

# United States District Court
for
## Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 5]

Name of Offender: <u>Michael Anthony Coleman</u>  Case Number: <u>3:13-00013</u>

Name of Current Judicial Officer: <u>The Honorable Kevin H. Sharp, U. S. District Judge</u>

Name of Sentencing Judicial Officer: <u>The Honorable David Folsom, U.S. District Judge (EDTX)</u>

Date of Original Sentence: <u>November 9, 2006</u>

Original Offense: <u>21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Cocaine</u>

Original Sentence: <u>72 months' custody and four years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>  Date Supervision Commenced: <u>May 22, 2012</u>

Assistant U.S. Attorney: <u>Van Vincent</u>  Defense Attorney: <u>Ronald C. Small</u>

---

## PETITIONING THE COURT

\_\_\_\_ To issue a Summons.
\_\_\_\_ To issue a Warrant.
<u>  X  </u> To Consider Additional Violations/Information

---

**THE COURT ORDERS:**

☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshall only)
☐ The Issuance of a Summons
☑ The Consideration of Additional Alledged Violations/Information
☐ Other

Considered this <u>15th</u> day of <u>Sept</u>, 2014,
and made a part of the records in the above case.

_Kevin H. Sharp_
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_Joshua Smith_
U.S. Probation Officer

Place     <u>Nashville, Tennessee</u>

Date     <u>September 11, 2014</u>

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 5, has been amended as follows:
Violation No. 1 - has been amended to include a disposition for the criminal charge
Violation No. 2 - has been amended to include additional illegal drug use

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall not commit another federal, state or local crime.** |

On April 30, 2013, Mr. Coleman was arrested by the Metropolitan Nashville Police Department and charged with Sale of a Controlled Substance .5 Grams or More. According to the investigative report, Detective Adam Read met with a confidential informant (CI) on April 22, 2013, for the purpose of buying a quantity of cocaine. The CI contacted Mr. Coleman and asked to purchase $100 worth of cocaine. Mr. Coleman directed the CI to the Cumberland Motel for the transaction. Mr. Coleman was observed driving up to the CI with a passenger. An exchange was made with Mr. Coleman in the parking lot, and the CI and Mr. Coleman separated. Mr. Coleman then drove away out of the area. The CI returned directly back to Detective Read and handed over 5 plastic baggies with what appeared to be cocaine inside. Mr. Coleman and his passenger were then taken into custody. Detective Read read Mr. Coleman his Miranda warnings prior to interviewing him. Mr. Coleman admitted that he had been selling cocaine to obtain extra money for child support. All of the previously photo copied buy money was located on Mr. Coleman's person along with an additional $511 which was in denominations consistent with narcotic sales.

Mr. Coleman was released from the custody of the Davidson County Sheriff's Department on April 30, 2013, with a $5,000 bond. His case was bound over the to the Grand Jury after a hearing on September 25, 2013. **On August 27, 2014, Mr. Coleman was found guilty of Felony Controlled Substance. His sentencing is scheduled for November 13, 2014, in Davidson County Criminal Court.**

| | |
|---|---|
| 2. | **The defendant shall refrain from any unlawful use of a controlled substance.** |

Mr. Coleman tested positive for cocaine on six occasions.

| | | |
|---|---|---|
| May 25, 2012 | September 14, 2012 | July 16, 2013 |
| July 23, 2012 | May 30, 2013 | August 20, 2013 |

He has tested negative for illegal drugs on 39 occasions.

**On July 16, 2014, Mr. Coleman admitted to taking hydrocodone that he had obtained from a friend. He reported to the probation officer that he had been experiencing severe pain from dental issues. He had been having various appointments to address the dental issues but had been unable to complete the necessary dental procedures due to the costs involved. He showed the probation officer pain medication prescriptions that he had been previously provided with various medical paperwork detailing the required dental procedures. His drug testing was increased as a result of the drug use. He has tested negative for illegal drugs on five occasions since July 16, 2014.**

3. **The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.**

   Mr. Coleman failed to report for his first two scheduled substance abuse assessment appointments on July 9, and August 8, 2012.

   He failed to report for substance abuse treatment on three occasions.

   July 3, 2013          September 11, 2013          September 25, 2013

4. **The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.**

   On December 26, 2012, Mr. Coleman admitted to having a romantic relationship with Geneva Coleman. Ms. Coleman has been convicted of Aggravated Burglary and Theft of Property Greater than $500. Mr. Coleman had not been given permission to associate with Ms. Coleman.

## Compliance with Supervision Conditions and Prior Interventions:

Mr. Coleman began supervised release on May 22, 2012, and is scheduled to terminate supervision on May 21, 2016.

A report was submitted on July 17, 2012, in the Eastern District of Texas, to inform that Mr. Coleman had been issued a citation for driving with a revoked license and tested positive for cocaine on May 25, 2012. He obtained his license and the charge was dismissed on July 18, 2012. As a result of the positive drug test, his drug testing was increased and he was referred for a substance abuse assessment on June 19, 2012.

A substance abuse intake assessment was completed on August 22, 2012. Mr. Coleman began substance abuse treatment on September 5, 2012. He remains in outpatient substance abuse treatment at this time.

A report was submitted to the Court on March 25, 2013, to inform that Mr. Coleman tested positive for cocaine on two more occasions, failed to report for two scheduled substance abuse assessment appointments, and had association with a person convicted of a felony.

Mr. Coleman met with the probation officer on April 26, 2013, to discuss his police contact from April 22, 2013. He stated that he had lied to the Metropolitan Nashville Police Officers when he had admitted that the cocaine was his, as he believed they would charge him regardless of whether he admitted ownership or not. He hoped that the officers would use him in another controlled buy in order for him to not be charged with the offense. He provided the officers an address of someone he knew, whom he believed 1 ounce of cocaine could be purchased from. Mr. Coleman stated he had been test driving a car at the time of the alleged drug offense and was directed by the passenger to meet with the other individual. He also stated that he was unaware of what the packages contained when handing them to the other individual but became suspicious when $100 was passed back from the other individual.

A petition for a warrant was submitted to the Court on May 1, 2013. A warrant was issued and Mr. Coleman was arrested on May 30, 2013. Prior to arrest, he submitted a urine sample that tested positive for cocaine. He was released following the detention hearing on June 6, 2013.

A petition requesting consideration of additional violations was submitted to the Court on June 24, 2013, to report that Mr. Coleman had tested positive for cocaine on one additional occasion and amending the sentencing recommendation page.

A petition requesting consideration of additional violations was also submitted to the Court on July 29, 2013, to report that Mr. Coleman had tested positive for cocaine on one additional occasion.

A petition requesting consideration of additional violations was again submitted to the Court on October 1, 2013, to report that Mr. Coleman had tested positive for cocaine on one additional occasion and had additional failures to report for substance abuse treatment. Substance abuse treatment was terminated in December 2013 as the treatment provider reported that Mr. Coleman had met the maximum benefit from treatment services.

Update of Offender Characteristics:

Mr. Coleman receives Social Security Disability Income and has provided documentation of this income to the probation office. **In March 2014, Mr. Coleman informed the probation officer that he had started a medical transportation company, Coach Transportation.**

U.S. Probation Officer Recommendation:

It is respectfully requested that the additional violations be considered at the Revocation Hearing scheduled before Your Honor on November 10, 2014. This matter has been reported to the U.S. Attorney's Office, and they concur with the recommendation.

Approved by: _____
Vidette Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. MICHAEL ANTHONY COLEMAN, CASE NO. 3:13-00013

**GRADE OF VIOLATION:** A
**CRIMINAL HISTORY:** V

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003     PROTECT ACT PROVISIONS

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 3 years (Class B Felony) *18 U.S.C. § 3583(e)(3)* | 30-37 months *U.S.S.G.§ 7B1.4(a)* | 30 months |
| SUPERVISED RELEASE: | 4 years to life minus any term of imprisonment *18 U.S.C. § 3583(h)* *21 U.S.C. § 841(b)(1)(B)* | 4-5 years *U.S.S.G. § 5D1.2(a)(1) and U.S.S.G. § 5D1.2(c)* | 4 years minus any term of imprisonment |

Revocation is mandatory if the defendant possesses a controlled substance, 18 U.S.C. § 3583 (g)(1), in violation of the condition set forth in subsection (d).

**Statutory Provisions:** 18 U.S.C.§ 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding a Grade A violation, the Court shall revoke probation or supervised release.

Respectfully Submitted,

*[signature]*
Joshua Smith
U.S. Probation Officer

Approved: *[signature]*
Vidette Putman
Supervisory U.S. Probation Officer